**Charles Douglas WILKERSON,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–95–00068–CR, 01–95–00069–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 29, 1996.

Brian D. Coyne, Houston, for Appellant.

John B. Holmes and Lester Blizzard, Houston, for Appellee.

Before MIRABAL, HUTSON–DUNN and HEDGES, JJ.

## OPINION

MIRABAL, Justice.

Appellant Charles Douglas Wilkerson was charged in separate indictments with two counts of attempted murder. The same jury tried both cases together. The jury found appellant guilty of both counts and assessed punishment at 12–years confinement and a $10,000 fine for each count. We affirm.

In his first point of error in each appeal, appellant asserts the evidence was legally insufficient (1) to support appellant's conviction for the attempted murder of Dwayne Barry, and (2) to support appellant's conviction for the attempted murder of Raymond Baines, where the State never rebutted appellant's assertion of self-defense in each case beyond a reasonable doubt.

When reviewing whether the evidence is legally sufficient to support a conviction, the court must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 161 (Tex.Crim.App. 1991). The jury, as the trier of fact, is the sole judge of the credibility of witnesses, and it may believe or disbelieve all or any part of a witness' testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

A person commits the offense of murder if he intentionally causes the death of an individual. TEX.PENAL CODE ANN. § 19.02(b)(1) (Vernon 1994). A person commits attempted murder if, with specific intent to commit murder, he does an act amounting to more than mere preparation that tends but fails to effect the commission of murder. *See* TEX.PENAL CODE ANN. § 15.01(a) (Vernon 1994). The relevant portion of the definition of attempted murder in the jury charge is consistent with the Penal Code and reads as follows:

Our law provides that a person commits the offense of murder if he intentionally causes the death of an individual.

"Attempt" to commit an offense occurs if, with specific intent to commit an offense, a person does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended.

The justification of self-defense is a defense to prosecution for attempted murder. *See* TEX.PENAL CODE ANN. § 9.02, § 9.32 (Vernon 1995). The State has the burden of persuasion in disproving evidence of self-defense. *Saxton v. State*, 804 S.W.2d 910, 913 (Tex.Crim.App.1991). That is not a burden of production, i.e., one which requires the State to affirmatively produce evidence refuting the self-defense claim, but rather a burden requiring the State to prove its case beyond a reasonable doubt. *Id.* If the issue of the existence of self-defense is submitted to the jury, the court shall charge the jury that if it believes that the defendant was acting in self-defense or has a reasonable doubt thereof, it must acquit the defendant. *Id.* at 913–14; *Russell v. State*, 834 S.W.2d 79, 81–82 (Tex.App.—Dallas 1992, pet. ref'd); *see* TEX.PENAL CODE ANN. § 2.03(d) (Vernon 1994). The jury charge included a proper definition of self-defense and properly instructed that a reasonable doubt on the issue of self-defense mandates acquittal.

The evidence viewed in the light most favorable to the verdict supports the guilty verdicts for attempted murder. According to the testimony of Pleshette Williams, on June 11, 1994, appellant called Pleshette and Dwayne Barry's house looking for Pleshette's mother, Shirley Baines. (Shirley Baines had an eleven-year relationship with appellant and had lived with him since 1984. It is disputed whether Shirley Baines was living with appellant or with Pleshette at the time of the offenses.) Appellant then rode his bicycle one block to Pleshette's house and saw Shirley Baines getting out of her ex-husband Raymond Baines' truck. (Raymond Baines is Pleshette's father.) Pleshette testified that appellant shouted to Shirley Baines, "I can always get you; I'll get you." Shirley Baines ran into Pleshette's house and appellant rode away on his bicycle.

According to the testimony of Pleshette, Raymond Baines, and Dwayne Barry, appellant returned to Pleshette's house a few minutes later, drew his gun from underneath his shirt, and fired several times at Raymond Baines, who was still sitting in his truck outside Pleshette's house talking to her. Raymond Baines ducked beneath the dashboard of his truck and drove off. Appellant then began firing at Dwayne Barry, Pleshette's boyfriend, who was sitting in his car outside the house. Dwayne ducked as appellant shot through the front window of his vehicle and Pleshette shouted to Dwayne, "Kill him, Dwayne; kill him." Dwayne put his vehicle in gear and drove off into a ditch in front of the residence. When his car came to rest in the ditch, Dwayne opened the door of the vehicle and saw appellant pointing his handgun at Pleshette. Appellant turned the gun on Dwayne and shot at Dwayne one more time. Dwayne retrieved his pistol from underneath the seat and fired three shots at appellant as he rode off on his bicycle.

Dwayne was shot three times and Raymond Baines was shot four times. One bullet was still lodged in Raymond Baines' right shoulder at trial. Raymond Baines was able to drive his truck to a nearby convenience store, where an ambulance was called. Shirley Baines called the police from Dwayne and Pleshette's house.

Appellant testified that he was a commissioned security officer and routinely carried a firearm for self-defense. On the evening of the offenses in question, he went to pick up Shirley Baines from Pleshette's house to take her home when he was struck by a person in a truck. He then heard Pleshette tell Dwayne to kill him. Appellant fired several times at the truck in self-defense and several times at Dwayne in self-defense when Dwayne drove his car across a ditch toward appellant. Appellant then got back on his bicycle and rode to the next neighborhood to call the police and confess to the shooting.

Officer D.S. Fuller, the arresting officer, testified that appellant never told him that Raymond Baines and Dwayne attacked him first or that he started shooting at Raymond Baines and Dwayne because he was afraid for his life. However, appellant did mention to another officer later that he was "getting

shot at, too." Officer C. Allen testified that he did not discover any evidence that Raymond Baines and Dwayne Barry ambushed appellant.

Viewing this evidence in the light most favorable to the verdict, it is sufficient for a rational trier of fact to disbelieve appellant's self-defense testimony and to find beyond a reasonable doubt that appellant committed two counts of attempted murder. Accordingly, we overrule appellant's first point of error in each cause.

In his second point of error in each case, appellant asserts the evidence was factually insufficient to support appellant's convictions for attempted murder.

■ The Court of Criminal Appeals has recently held that the courts of appeal have appellate jurisdiction to review fact questions. *Clewis v. State*, 922 S.W.2d 126, 128 (Tex.Crim.App.1996). The courts of appeals do not possess fact-finding authority, but may unfind a fact determination that the jury has found or failed to find. *Id.* In reviewing factual sufficiency of evidence, this Court is to view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 131.

We have summarized all of the relevant evidence under point of error one. Based on this evidence, the guilty verdicts are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The testimony of Pleshette Williams, Dwayne Barry, and Raymond Baines supported the verdicts. Appellant's self-defense testimony was not corroborated, and the jury chose not to believe appellant.

We overrule point of error two in each appeal.

We affirm the judgments.