Frank GARCIA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00439–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 17, 1999.

Publication Ordered July 14, 1999.

Discretionary Review Refused
Nov. 24, 1999.

2

**3**

Leonard Mitchell Rubin, Houston, for Appellant.

John F. Healey, Jr., Greg Gilleland, Richmond, for State.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and ANDELL.

**OPINION**

ANDELL, Justice.

A jury found appellant guilty of aggravated assault, found both enhancement paragraphs true, and assessed punishment at 32 years confinement. In six points of error, appellant contends: (1) the evidence was legally and factually insufficient; (2) the jury's non-answer of a special issue constituted error; (3) the trial court erred in refusing to submit a jury instruction; and (4) the admission of extraneous conduct evidence was error. We affirm.

## Facts

Appellant and his girlfriend Mary Perez went to a New Year's Eve party at a home in Fort Bend County. During the party, Perez danced with the complainant, Anthony Solis, a cousin of appellant. This angered appellant, and he took Perez into a bedroom where he yelled and attempted to strike her. Perez danced with the complainant again, and appellant called Perez outside. Appellant threw her to the ground, put a razor-edged box cutter to her throat, and threatened to stab her. Complainant then attempted to talk to appellant, and a fist fight ensued. After the two quit fighting, they reconciled. A short time later, appellant emerged from the house and stabbed the complainant with a sharp razor-edged object.

## LEGAL AND FACTUAL SUFFICIENCY

In points of error one and two, appellant contends the evidence was legally and factually insufficient to prove appellant used or exhibited a deadly weapon. In point of error three, appellant contends the trial court erred by denying his motion for an instructed verdict.

A motion for an instructed verdict is an attack on the legal sufficiency of the evidence. *Madden v. State,* 799 S.W.2d 683, 686 (Tex.Crim.App.1990); *Rohrscheib v. State,* 934 S.W.2d 909, 910 (Tex.App.—Houston [1st Dist.] 1996, no pet.). The standard for reviewing the legal sufficiency of evidence to support a conviction is whether, after reviewing the evidence in a light most favorable to the verdict, any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Banda v. State,* 890 S.W.2d 42, 50 (Tex.Crim.App. 1994).

In reviewing factual sufficiency of the evidence, we view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

*Clewis v. State,* 922 S.W.2d 126, 131 (Tex. Crim.App.1996); *Wilkerson v. State,* 920 S.W.2d 404, 407 (Tex.App.—Houston [1st Dist.] 1996, no pet.). We apply the factual sufficiency test to the facts without the prism of "in the light most favorable to the verdict." *Clewis,* 922 S.W.2d at 135.

A person commits aggravated assault if he intentionally, knowingly, or recklessly causes serious bodily injury to another, or intentionally or knowingly threatens or injures another with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.01 & 22.02(a)(2) (Vernon Supp.1999). A deadly weapon is defined as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. 1.07(a)(17) (Vernon Supp.1999). Although a knife is not a deadly weapon per se, a knife can be found to be a deadly weapon based on the nature of its use or intended use. *See Thomas v. State,* 821 S.W.2d 616, 619–620 (Tex.Crim.App.1991). Factors which are important in determining whether a knife is a deadly weapon in its use or intended use are:

1. Size, shape, and sharpness of the knife

2. Manner of its use or intended use

3. The nature or existence of inflicted wounds

4. Testimony of the knife's life-threatening capabilities.

*Id.* at 619; *see* TEX. PENAL CODE ANN. 1.07(a)(17)(B); *Batro v. State,* 635 S.W.2d 156, 158 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd.). The fact finder must examine each case on all of its facts to determine whether the knife is a deadly weapon. *Thomas,* 821 S.W.2d at 619. The jury can also consider the wounds inflicted on the victim in determining whether a knife is a deadly weapon. *Bethel v. State,* 842 S.W.2d 804, 807 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

The nature, location, and severity of the wounds will be considered in determining whether the knife was a deadly weapon. *Williams v. State,* 477 S.W.2d 24, 25 (Tex. Crim.App.1972); *Didion v. State,* 625 S.W.2d 436, 439 (Tex.App.—Houston [14th Dist.] 1981, pet. ref'd.).

█ Although the actual weapon in this case was never recovered, Perez testified that she saw appellant come out of the house before the stabbing "with the knife—the box cutter that he used on me." At trial, Perez and Frank Flores, who also witnessed the stabbing, demonstrated how appellant stabbed the complainant. Perez and Flores testified the complainant bled profusely after he was stabbed.

In his medical records, the complainant complained that he had been cut with a razor. The complainant suffered scarring from the stabbing. The doctor who treated the complainant testified that the laceration on the left side of the complainant's chest was a clean cut wound caused by a sharp object. The doctor testified that the stabbing wound was close to the spleen and the base of the lung. The doctor testified that in his medical opinion, the stabbing wound could have created a substantial risk of serious bodily injury.

We conclude that any rational fact finder could have found the essential elements of aggravated assault beyond a reasonable doubt. We do not find the verdict to be clearly wrong and unjust. Accordingly, we overrule points of error one, two, and three.

### SPECIAL ISSUE

█ In point of error four, appellant contends the trial court erred in accepting an incomplete jury verdict because the jury failed to answer the special issue as to whether appellant used a deadly weapon.

█ In *Polk v. State,* 693 S.W.2d 391, 396 (Tex.Crim.App.1985), the Court of Criminal Appeals held that the trial court may properly enter an affirmative finding concerning the defendant's use or exhibi-

tion of a deadly weapon or firearm during the commission of the offense if the deadly weapon or firearm has been specifically pleaded as such in the indictment. *Id.*

In our case, the indictment alleges, in pertinent part, that appellant did "intentionally, knowingly, and recklessly cause bodily injury to ANTHONY SOLIS by STABBING ANTHONY SOLIS, and the [appellant] did then and there use and exhibit a deadly weapon, to wit: A KNIFE, during the commission of said assault." The jury did not answer the special issue which asked whether appellant "did use or exhibit a deadly weapon, to-wit: an unknown object, that in the manner of its use or intended use was capable of causing death or serious bodily injury." However, it was unnecessary because the jury found appellant "guilty of aggravated assault as charged in the indictment." We find no error in the trial court's acceptance of the jury's verdict. We overrule point of error four.

### JURY INSTRUCTION

█ In point of error five, appellant contends the trial court erred by refusing to instruct the jury on the lesser included offense of assault. Appellant argues that he was entitled to the instruction because the box-cutter appellant cut the complainant with was not a deadly weapon per se. The State maintains that the trial court properly denied appellant's request because the evidence did not support it. We agree with the State.

█ A defendant is entitled to a jury charge on a lesser included offense if (1) the lesser included offense is subsumed in the proof necessary to establish the offense charged, and (2) some evidence in the record "would permit a jury rationally to find" that the defendant, if guilty, is guilty only of the lesser offense. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim. App.1985); *Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Crim.App.1993). If a defendant presents no evidence and no evidence

otherwise raises the issue of a lesser offense, a charge is not required. *Aguilar*, 682 S.W.2d at 558.

In reviewing a court's decision not to give a charge on a lesser offense, we examine all of the evidence presented at trial, regardless of whether it is credible, controverted, or conflicting. *Lugo v. State*, 667 S.W.2d 144, 147 (Tex.Crim.App. 1984); *Hobson v. State*, 644 S.W.2d 473, 477 (Tex.Crim.App.1983). However, the evidence may not be "plucked out of the record and examined in a vacuum." *Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim.App.1986).

At trial, Perez testified appellant threw her to the ground, held a razor-edged box-cutter to her throat and threatened to cut her throat. Perez and Flores both testified that the complainant bled profusely after he was stabbed. The doctor who treated the complainant testified that the laceration on the left side of the complainant's chest was a clean cut wound caused by a sharp object. The doctor also testified that the stabbing wound was close to the spleen and the base of the lung. In his medical opinion, the stabbing wound could have created a substantial risk of serious bodily injury for the complainant.

We do not believe the evidence in the record "would permit a jury rationally to find" that appellant, if guilty, was guilty only of the lesser offense of assault. There was no evidence that the injury appellant inflicted was merely bodily injury instead of serious bodily injury. Accordingly, we overrule point of error five.

## EXTRANEOUS CONDUCT EVIDENCE

In point of error six, appellant contends the trial court erred by admitting evidence of extraneous misconduct due to its irrelevancy. Specifically, appellant complains of the relevancy of Mary Perez's testimony that appellant assaulted her with a razor-edged box-cutter five hours before he assaulted the complainant. The State contends the testimony was relevant and admissible because it showed appellant's motive, intent, and plan in stabbing the complainant.

A defendant must be tried for the offense with which he is charged. He may not be tried for a collateral crime or for being a criminal generally. TEX. R. EVID. 401, 404(b); *Albrecht v. State*, 486 S.W.2d 97, 100–01 (Tex.Crim.App.1972). When the State attempts to adduce evidence of "other crimes, wrongs, or acts," the defendant must object in a timely fashion to preserve his complaint for appeal. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex.Crim.App.1991). After objection, the State must satisfy the court that the other crime, wrong, or act has relevance apart from its tendency to prove the defendant's character to show that he acted in conformity with it. TEX. R. EVID. 404(b). If the court decides that the evidence has "no relevance apart from character conformity," then it is inadmissible. *Montgomery*, 810 S.W.2d at 387.

The State may, however, persuade the court that the evidence has relevance apart from character conformity, i.e., that some "other purpose" such as those set forth in rule 404(b) will be served by admission of the evidence. *Id.* at 387–88; TEX. R. EVID. 401, 404(b). The relevance may be that the evidence "tends to establish some elemental fact, such as identity or intent; that it tends to establish some evidentiary facts, such as motive, opportunity, or preparation, leading inferentially to an elemental fact; or that it rebuts a defensive theory." *Montgomery*, 810 S.W.2d at 387–88. The Court of Criminal Appeals has determined that background evidence is one of the "other purposes" contemplated by rule 404(b). *Mayes v. State*, 816 S.W.2d 79, 86 (Tex. Crim.App.1991). However, before it is admissible under rule 404(b), it must meet a two-part test. *Rogers v. State*, 853 S.W.2d 29, 32 (Tex.Crim.App.1993); *Mayes*, 816 S.W.2d at 84–87. First, the background evidence must be relevant under rule 401.

*Rogers,* 853 S.W.2d at 32; *Mayes,* 816 S.W.2d at 84. Although the State is permitted to offer evidence of what happened before and after the commission of the offense, the evidence must be relevant to something at issue in the case and not inherently prejudicial. *Christopher v. State,* 833 S.W.2d 526, 529 (Tex.Crim.App. 1992). Second, if the evidence is relevant, the court must determine whether the evidence fits under one of the exceptions to rule 404(b). *Rogers,* 853 S.W.2d at 32; *Mayes,* 816 S.W.2d at 85.

 The Court of Criminal Appeals has distinguished two types of background evidence: (1) evidence of other offenses connected with the primary offense, referred to as "same transaction contextual evidence" and (2) general background evidence referred to as "background contextual evidence." *Mayes,* 816 S.W.2d at 86–87. Same transaction contextual evidence is admissible when "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others." *Id.* at 86 n. 4 (citing *Nichols v. State,* 97 Tex.Crim. 174, 260 S.W. 1050 (1924)). In other words, the evidence must be "necessary to the jury's understanding of the instant offense" because the circumstances of the offense would "make little or no sense" without the admission of the same transaction contextual evidence. *Rogers,* 853 S.W.2d at 33. "Necessity" suffices for "other purpose" under rule 404(b). *Id.*

Perez testified appellant yelled at her and attempted to strike her after she danced with the complainant. Perez testified that appellant threatened to stab her after she danced with the complainant again. A fist fight ensued after the complainant spoke with appellant.

We conclude that Perez's testimony was relevant because it reveals a motive behind appellant stabbing the complainant after the complainant danced with appellant's girlfriend. We also conclude that Perez's testimony was "necessary to the jury's understanding" of the stabbing because appellant's assault of Perez showed the events that led up to the stabbing of the complainant. We, therefore, find no error in the admission of this evidence under an exception to rule 404(b) as "same transaction contextual evidence." *Mayes,* 816 S.W.2d at 86; Tex. R. Evid. 404(b).

We overrule point of error six and affirm the trial court's judgment.