Opinion issued June 17, 2004






















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00886-CR
____________
 
JAMES EDWARD CHATMAN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 946782
 

 
 
MEMORANDUM OPINION
          A jury found appellant, James Edward Chatman, guilty of aggravated robbery
and assessed his punishment at confinement for 75 years. In three points of error,
appellant contends that the trial court erred in admitting extraneous offense evidence
against him and that the evidence was legally and factually insufficient to support his
conviction. We affirm.
          Facts
          Roshan Huda, the complainant, testified that, on January 21, 2002, while she
was working at Stanley Cleaners, a dry cleaning business, appellant, carrying a blue
jacket, entered the business at 12:20 p.m. and told the complainant that he wanted to
have his jacket dry cleaned. The complainant told appellant that it would cost $4.20,
and appellant responded that he wanted to pay in advance. When the complainant
walked over to the cash register, appellant pulled out a knife, placed it against the
complainant’s neck, and ordered her to open the cash register. The complainant
explained that she immediately complied with appellant’s demand because she “felt
that if [she] d[id not] open the register, either [appellant] would hurt [her] or he would
kill [her].” Appellant then removed the money from inside the cash register.
          Appellant then told the complainant that he knew that there was more money
located on the “back counter,” grabbed the complainant’s shirt collar, and walked her
over to it. After the complainant picked up an envelope located on the “back counter”
and gave appellant the money contained inside, appellant asked the complainant
where the bathroom was located. When the complainant told him where it was,
appellant, who was still holding the complainant’s shirt collar, walked her over to the
bathroom, pushed her inside, and told her to stay there for 15 minutes. Appellant then
left Stanley Cleaners with $200 to $250. After approximately 10 to 12 minutes, the
complainant left the bathroom, walked to a bakery located next-door, and asked a
bakery employee to call for emergency assistance.
          Houston Police Officer C. Guidry testified that, while investigating the robbery
of Stanley Cleaners, she determined that appellant might be a possible suspect. On
January 24, 2002, Guidry showed the complainant a “live lineup” containing
appellant and five other men, and, after looking at each man, the complainant
identified appellant as the robber.
          Hazel and John Mitchell, appellant’s mother and step-father, both testified that
appellant could not have robbed Stanley Cleaners because, at the time of the robbery,
he had been at their home celebrating Martin Luther King’s birthday. They testified
that appellant had arrived at approximately 11:00 a.m. and had stayed until
approximately 1:00 p.m.
          Donald Johnson, who had met appellant in the Harris County Jail and who was
serving a 40-year sentence for aggravated robbery, testified that, in addition to
committing 20 to 25 other robberies, he had committed the robbery for which
appellant was being tried. However, while Johnson accurately described the robbery
of Stanley Cleaners, he was unable, on cross-examination, to recall any details about
the 20 to 25 other robberies. Moreover, although Johnson denied having a “romantic
relationship” with appellant, he did admit that, between June and July of 2002, he and
appellant had been housed together in the homosexual “tank” of the Harris County
Jail and that, in April 2003, they had requested to be housed in the same “tank” again.
Extraneous Offense Evidence
          In his first point of error, appellant contends that the trial court erred in
allowing, over objection, evidence that he had robbed two other Houston dry cleaning
businesses in January 2002 in violation of Rule 404(b) of the Texas Rules of
Evidence. See Tex. R. Evid. 404(b). Appellant further contends that any probative
value of this evidence was outweighed by its prejudicial effect. See Tex. R. Evid.
403.
          Prior to presenting its rebuttal evidence, the State conducted a voir dire
examination of Nazeen Sherali and Jasmine Niyaz, the complainants in the two
extraneous robberies, outside of the jury’s presence. At the close of the State’s voir
dire examination, appellant objected to Sherali’s and Niyaz’s testimony citing Rules
404(b) and 403. The trial court overruled appellant’s objections and expressly found
that Sherali’s and Niyaz’s testimony was relevant to the issue of identity and that the
probative value of their testimony was not substantially outweighed by the danger of
unfair prejudice. The trial court then instructed the jury that it could consider
Sherali’s and Niyaz’s testimony only for the limited purposes set out in Rule 404(b).
          Thereafter, Nazeen Sherali, who worked at Regency Cleaners in Houston,
testified that, on January 3, 2002 at approximately 12:20 p.m., appellant entered
Regency Cleaners carrying a blue jacket. Appellant told Sherali that he wanted to
have his jacket dry cleaned and to pay in advance. After he gave Sherali $20, Sherali
walked over to the cash register, opened it, and removed appellant’s change. At this
point, appellant pulled out a knife, placed it against Sherali’s neck, and stated “I want
to take the money.” Appellant then removed the money from inside the cash register,
told Sherali to go to the bathroom, and left Regency Cleaners. 
          Jasmine Niyaz, who worked at River Oaks Cleaners in Houston, testified that,
on January 14, 2002, appellant entered River Oaks Cleaners carrying a blue and black
jacket and told Niyaz that he wanted to have his jacket dry cleaned. As Niyaz was
preparing a clothing receipt for him, appellant walked behind the counter, pulled out
a knife, and “clipp[ed]” it open. He then pushed Niyaz to the floor, grabbed her by
the hair, and forced her to open the cash register. Niyaz asked appellant if he was
going to hurt her, and appellant responded that “if she sa[id] a word, he would.” 
After he removed the money from the cash register, appellant pushed Niyaz back onto
the floor, dragged her to the bathroom, and pushed her inside. Appellant told Niyaz
to stay in the bathroom for 10 minutes, and he left River Oaks Cleaners. When Niyaz
emerged from the bathroom, she saw that appellant had also stolen her purse.
Rule 404(b)
          Rule 404(b) provides that evidence of “other crimes, wrongs or acts” is not
admissible to prove a defendant’s character to show action in conformity therewith.
Tex. R. Evid. 404(b). However, this type of evidence may be admissible if it has
relevance to a material issue in the case apart from its tendency to prove the character
of the defendant. Page v. State, 125 S.W.3d 640, 649 (Tex. App.—Houston [1st
Dist.] 2003, no pet.). Permissible purposes for which evidence of “other crimes,
wrongs or acts” may be admitted include the following: “proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident.” Tex. R. Evid. 404(b) (emphasis added). To be admissible to show
identity, an extraneous offense must be so similar to the charged offense as to mark
the offenses as the defendant’s handiwork. Johnson v. State, 68 S.W.3d 644, 650-51
(Tex. Crim. App. 2002). In determining the similarity of the offenses for the purpose
of establishing identity, courts should take into account both the specific
characteristics of the various offenses and the time interval between them. Id. at 651. 
We review a trial court’s decision to admit evidence under an abuse of discretion
standard. Page, 125 S.W.3d at 649.
          Appellant concedes that identity was an issue in this case. However, he argues
that Sherali’s and Niyaz’s testimony was inadmissible because the robberies of
Regency Cleaners and River Oaks Cleaners “were not sufficiently similar [to the
robbery of Stanley Cleaners] to prove [his] identity” as the robber in this case. 
Appellant notes that the robbery of Regency Cleaners “occurred almost three weeks
[before] the charged offense, at a location on a different side of town.” He also notes
that the robbery of River Oaks Cleaners “differed in many significant respects” from
the robbery of Stanley Cleaners. Appellant concludes, thus, that Sherali’s and
Niyaz’s testimony was not relevant to the issue of identity and “served merely to
prejudice the jury against [him] by suggesting that he rob[bed] dry cleaners in
general, and therefore must have robbed [Stanley Cleaners].”
          However, we conclude that the record supports the trial court’s finding that the
robberies were sufficiently similar so as to “mark [them] as [appellant’s] handiwork.” 
See Johnson, 68 S.W.3d at 650-51. Specifically, the time interval between the
commission of the robberies was relatively short; appellant was alleged to have
committed all of them within a three-week period. See Walker v. State, 588 S.W.2d
920, 924 (Tex. Crim. App. 1979) (holding that six extraneous offenses committed
within one month of the charged offense were sufficiently similar to the charged
offense so as to be admissible to prove identity). Moreover, appellant used the same
general modus operandi in all three robberies; he entered the dry cleaning businesses
carrying a jacket, asked each of the employees to dry clean his jacket, pulled out a
knife when the employees’ attentions were directed elsewhere, forced the
complainants to give him money, and then instructed them to stay in the businesses’
bathrooms. Although there are some slight differences between the methods in which
the robberies occurred, these slight differences did not render Sherali’s and Niyaz’s
testimony inadmissible. See Ransom v. State, 503 S.W.2d 810, 814 (Tex. Crim. App.
1974) (concluding that, where extraneous offenses and charged offense share
“essential distinguishing characteristics,” slight differences are irrelevant). 
Accordingly, we hold that the trial court did not err in admitting Sherali’s and Niyaz’s
testimony under Rule 404(b).
Rule 403
          Rule 403 provides that relevant evidence “may be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice . . . .” Tex. R.
Evid. 403 (emphasis added). Under Rule 403, the opponent of the evidence must not
only demonstrate the negative attributes of the evidence but must also show that these
negative attributes “substantially outweigh” any probative value. Page, 125 S.W.3d
at 649. The relevant criteria in determining whether the prejudice of an extraneous
offense outweighs its probative value include:
(1)how compellingly the extraneous offense evidence serves to make
a fact of consequence more or less probable—a factor which is
related to the strength of the evidence presented by the proponent
to show the defendant in fact committed the extraneous offense;
 
(2)the potential the other offense evidence has to impress the jury “in
some irrational but nevertheless indelible way”;
 
(3)the time the proponent will need to develop the evidence, during
which the jury will be distracted from consideration of the
indicted offense; and
 
(4)the force of the proponent’s need for this evidence to prove a fact
of consequence, i.e., does the proponent have other probative
evidence available to him to help establish this fact, and is this
fact related to an issue in dispute.

Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).
          Appellant asserts that the probative value of Sherali’s and Niyaz’s testimony
was outweighed by its prejudicial effect because (1) their testimony did not
“compellingly” show that he robbed Stanley Cleaners as “the extraneous offenses
were significantly different from the charged offense,” (2) their testimony “had an
enormous potential to influence the jury against him,” (3) the State spent
“considerable time” developing their testimony, and (4) their testimony was
unnecessary as “the State had a strong identification from the complainant.”           However, this argument ignores the fact that appellant placed his identity in
issue with the testimony of two alibi witnesses and the testimony of Donald Johnson,
that he, and not appellant, was the robber. As noted above, the record reveals that the
three robberies were committed in a similar fashion, and it supports the trial court’s
finding that Sherali’s and Niyaz’s testimony that appellant had robbed Regency
Cleaners and River Oaks Cleaners was “compelling” evidence that he had also robbed
Stanley Cleaners. Moreover, having instructed the jury that it could consider
Sherali’s and Niyaz’s testimony only for the limited purposes set out in Rule 404(b),
the trial court could have reasonably believed that the danger of unfair prejudice from
their testimony was minimal. Accordingly, we further hold that the trial court did not
err in admitting Sherali’s and Niyaz’s testimony over appellant’s Rule 403 objection.
          We overrule appellant’s first point of error.
Legal Sufficiency of the Evidence
          In his second point of error, appellant argues that the evidence was legally
insufficient to support his conviction because the State “failed to establish that the
perpetrator used a deadly weapon during the robbery.”
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all
evidence presented at trial, we may not reweigh the evidence and substitute our
judgment for that of the fact finder. Id. 
          A person commits robbery if, in the course of committing theft and with intent
to obtain or maintain control of property, he intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death. Tex. Pen. Code Ann. §
29.02(a)(2) (Vernon 2003). A person commits aggravated robbery if he commits
robbery and uses or exhibits a deadly weapon. Id. § 29.03(a)(2) (Vernon 2003). 
Although a knife is not a deadly weapon per se, a knife can be found to be a deadly
weapon based on the nature of its use or intended use. Garcia v. State, 17 S.W.3d 1,
4 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). To determine whether a
particular knife is a deadly weapon, courts have considered (1) the size, shape, and
sharpness of the knife, (2) the manner of its use or intended use, (3) the nature or
existence of inflicted wounds, and (4) evidence of the knife’s life-threatening
capabilities. Id.
          Appellant argues that the evidence was “wholly insufficient” to establish that
the knife used in the robbery was a deadly weapon because “the [complainant]
sustained no injuries or wounds, no knife was recovered from the scene, and there
was no description of the knife during trial.” Appellant notes that the complainant
testified that the knife was “[l]ike a regular sized knife we use.” However, he asserts
that “it is impossible to tell from this testimony whether the knife was a butter knife,
a kitchen knife, a butcher knife, or a hunting knife, whether it was metal or plastic,
sharp or dull, long or short.”
          It is true that the only testimony concerning the size, shape, and sharpness of
the knife was the complainant’s description of it as being “[l]ike a regular sized knife
we use.” However, the complainant also testified that, when appellant placed the
knife against her neck, she believed that he “could hurt [her] with this knife . . . [or]
[could] kill [her] with this knife.” Additionally, the complainant believed that if she
did not open the cash register “either [appellant] would hurt [her] or he would kill
[her].” Considering this evidence, a rational fact finder could have found, beyond a
reasonable doubt, that, based on the manner in which appellant used the knife, it was
capable of causing death or serious bodily injury, and was, therefore, a deadly
weapon. See Tex. Pen. Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2004) (defining
deadly weapon as “anything that in the manner of its use or intended use is capable
of causing death or serious bodily injury”). Accordingly, we hold that the evidence
was legally sufficient to support appellant’s conviction.
          We overrule appellant’s second point of error.Factual Sufficiency of the Evidence
          In his third point of error, appellant argues that the evidence was factually
insufficient to support his conviction because (1) his mother and step-father both
testified that, at the time of the robbery,“he was babysitting three children at [their]
house” and (2) “Donald Johnson testified that he committed the robbery in question.”
          In our review of the factual sufficiency of the evidence, we view all of the
evidence neutrally. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). The
Court of Criminal Appeals has recently stated as follows:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all the evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard.

Zuniga v. State, No. 539-02, slip op. at 8 (Tex. Crim. App. Apr. 21, 2004) (footnote
omitted). In a factual sufficiency review, we may not substitute our own judgment
for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App.
1996).
          Here, appellant argues that “a review of the evidence” shows that the
complainant was mistaken when she identified him as the perpetrator of the robbery. 
Specifically, he asserts that the “evidence was undisputed” that, on the day of the
robbery, he arrived at his mother’s and step-father’s house at 11:00 a.m. and stayed
until “at least” 1:00 p.m. He further asserts that Donald Johnson’s testimony that
Johnson committed the robbery was credible because “he knew salient facts about the
robbery.”
          However, after she identified appellant as the perpetrator of the robbery, the
complainant testified that she had gotten “a good look” at him when he had attempted
to pay in advance and when he had made her open the cash register. She also testified
that she was “certain” that Donald Johnson was not the perpetrator of the robbery. 
Moreover, Officer Guidry testified that, on January 24, 2002, when she showed the
complainant the “live lineup,” the complainant identified appellant as the robber. 
Additionally, although Johnson testified that he committed the robbery for which
appellant was being tried, he admitted that, between June and July of 2002, he and
appellant had been housed together in the homosexual section of the Harris County
Jail and had later requested that they be housed in the same section again.
          As the exclusive judges of the facts, the credibility of the witnesses, and the
weight to be given their testimony, the jurors were free to believe or disbelieve all or
any part of the testimony from the complainant, Officer Guidry, appellant’s mother
and step-father, and Donald Johnson. McKinny v. State, 76 S.W.3d 463, 468-69 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). Viewing all of this evidence neutrally, we
conclude that the jury was rationally justified in finding appellant’s guilt beyond a
reasonable doubt. Accordingly, we hold that the evidence was factually sufficient to
support appellant’s conviction.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).