Opinion
issued March 25, 2010








 

 

 

 

 




 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00817-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



GUILLERMO MANZANO PEREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 1181801

 

 



MEMORANDUM OPINION

 








          Appellant,
Guillermo Manzano Perez, was charged by indictment with the offense of aggravated
assault, enhanced by two prior felony convictions. See Tex. Penal Code Ann. §
22.02 (Vernon Supp. 2009).  Appellant
pleaded not guilty to the primary offense and pleaded “not true” to the
enhancements.  A jury convicted appellant
as charged, found the enhancements true, and assessed punishment at 50 years’
confinement.  The trial court entered an
affirmative finding on the use of a deadly weapon.

          In
two points of error, appellant challenges the legal and factual sufficiency of
the evidence to support his conviction. 

          We
affirm.

Background

          Appellant and the complainant, Maria
Guerrero, dated and lived together.  Guerrero
testified that, on the evening of August 10, 2007, she was watching television
in her bedroom, and appellant came home with a machete.  Appellant was upset, was yelling at her, and
he suddenly hit her bed with the machete. Appellant then struck Guerrero on her
leg and waist, or her leg and chest, with the flat surface of the blade.  Guerrero testified that the machete was “long,
new, and very sharp,” and that it hurt badly.

Guerrero testified that appellant
then forced her into his car, brought the machete along and put it in the back
seat, and drove her to his friend’s house. On the way, appellant repeatedly
struck Guerrero’s face with his hand.  Guerrero
said that she believed that appellant was going to kill her.  When they arrived, Guerrero asked the friend,
“Roberto,” for some ice, but appellant would not let Roberto give her the
ice.  Appellant also grabbed a stick that
Roberto uses to keep his door closed and struck Guerrero in the arm.  Guerrero described the stick as being “thicker . . . than . . . a mop
handle.”  Roberto witnessed the attack,
but he did not report it, and he did not testify at trial.

When appellant and Guerrero returned
home, appellant’s anger had subsided and he left.  One of Guerrero’s relatives, Jose Martinez,
arrived at the home, saw Guerrero’s injuries, and left—apparently seeking a
working telephone. Shortly thereafter, paramedics and the police arrived to
assist Guerrero. 

Officer M. Rodriguez of the Houston Police
Department arrived at Guerrero’s home. 
Officer Rodriguez testified that Guerrero’s left eye was bruised and
swollen, and that she appeared to be in pain. 
While he interviewed Guerrero, appellant drove up to the house.  Officer Rodriguez went outside to meet up
with appellant and tapped on the car window. 
Appellant appeared “dazed” and would not look at Officer Rodriguez.  Officer Rodriguez detained him, then went
back inside and asked Guerrero where the machete could be found.  Guerrero went outside to appellant’s car, retrieved
the machete, and gave it to Officer Rodriguez.

  

The machete was not produced at
trial.  Officer Rodriguez testified,
however, that it was approximately 18 inches long, had a 5-inch blade and a
black handle, and looked relatively new. 
Guerrero reported how the machete was used on her, and Officer Rodriguez
testified that, based on his training and experience, he considered the machete
to be a deadly weapon.  Officer Rodriguez
said that, based on the manner of appellant’s use, the machete could have
easily “flipped” in his hand and caused serious injuries.  

Officer Guerrero also testified that
Guerrero had reported to him that she had been hit one time with a wooden
stick.  Officer Rodriguez testified that
a stick could be a deadly weapon, but that he would not characterize the stick
as a deadly weapon in this case, given the manner of its use.  

Paramedic Heath Moore of the Houston
Fire Department was also dispatched to Guerrero’s house.  He testified that he saw bruising around her
left eye and on her left arm.  He also
saw red welts on her arm.  Guerrero
refused further medical treatment. 
Photographs of her injuries were admitted at trial.

Sufficiency of the Evidence

          In
his first and second points of error, appellant contends that evidence is
legally and factually insufficient to support his conviction for aggravated
assault.  Specifically, appellant
contends that the evidence does not support that he used a deadly weapon.  Appellant urges this court to “reform the
judgment to reflect a conviction for the lesser offense of assault and remand
to the trial court for a new hearing on punishment.” 

A.      Standards of Review    

We review the legal sufficiency of
the evidence by considering all of the evidence in the light most favorable to
the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Williams v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S. Ct. 2781, 2788-89 (1979)). 
We “may not re-evaluate the weight and credibility of the record
evidence and thereby substitute our judgment for that of the fact-finder.”  Id. We give deference to the
responsibility of the trier of fact to fairly resolve conflicts in testimony,
to weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Id.  Our duty is to ensure that the evidence
presented actually supports a conclusion that the defendant committed the
offense.  Id.

          We
begin our factual sufficiency review with the assumption that the evidence is
legally sufficient. Laster v. State, 275 S.W.3d 512, 518 (Tex. Crim.
App. 2009).  Evidence that is legally
sufficient, however, can be deemed factually insufficient if (1) the evidence
supporting the conviction is too weak to support the fact finder's verdict, or
(2) considering conflicting evidence, the fact finder’s verdict is “against the
great weight and preponderance of the evidence.”  Id.  We consider all of the evidence in a neutral
light, as opposed to in a light most favorable to the verdict.  Id.  We recognize that the factfinder is in the
best position to evaluate the credibility of witnesses, and we afford due
deference to the factfinder’s determinations.  Marshall v. State, 210 S.W.3d 618, 625
(Tex. Crim. App. 2006).  We may only find
the evidence factually insufficient when necessary to “prevent manifest
injustice.”  Laster, 275 S.W.3d at
518. In such case, we must explain why the evidence is too weak to support the
verdict or why the conflicting evidence greatly weighs against the
verdict.  Id.








B.      The Law    

The Texas Penal Code provides that a
person commits the offense of assault if (1) he intentionally, knowingly, or
recklessly causes bodily injury to another, (2) he intentionally or knowingly
threatens another with imminent bodily injury, or (3) he intentionally or
knowingly causes physical contact with another when the person knows or should
reasonably know that the other will regard the contact as offensive or
provocative.  Tex. Penal Code Ann. § 22.01(a) (Vernon Supp. 2009).  An assault is aggravated if, inter alia, the
actor uses or exhibits a deadly weapon during the commission of the
offense.  Id. § 22.02(a)(2). 

The
Penal Code defines a “deadly weapon,” in pertinent part, as “anything
manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury; or . . . anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury . . . .”  Tex.
Penal Code Ann. §1.07(a)(17) (Vernon Supp. 2009).  “Serious bodily injury” is “bodily injury
that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.”  Id.  §
1.07(a)(46).

C.      Analysis

1.     Legal
sufficiency

In
his first point of error, appellant challenges the legal sufficiency of the
evidence to support the deadly weapon element of his conviction for aggravated
assault.  

In
the court’s charge, the jury was given the definition of a deadly weapon and it
was instructed that it could find appellant guilty of aggravated assault if it
found that appellant caused injury to Guerrero “by using a deadly weapon,
namely, a machete” or if it found
that appellant caused injury to Guerrero “by using a deadly weapon, namely, a
stick.”  Hence, if the jury believed that
either the machete or the stick was capable of causing serious bodily injury,
it could have found appellant guilty of aggravated assault.    

In determining whether the machete
was a deadly weapon, that is, an object capable of causing death or serious
bodily injury, we consider the following factors: the physical proximity of the
parties; the threats or words used by the defendant; the size, shape, and
sharpness of the weapon; the manner in which the defendant used the weapon; and
the wounds inflicted on the victim.  See Brown
v. State, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986); Wingfield v. State, 282 S.W.3d 102, 107 (Tex. App.—Fort Worth 2009, pet. ref’d); Garcia
v. State, 17 S.W.3d 1, 4-5 (Tex. App.—Houston [1st Dist.] 1999, pet.
ref’d).  Either expert testimony or lay
testimony may be sufficient to support a finding.  English
v. State, 647 S.W.2d 667, 668-69 (Tex. Crim. App. 1983). 

Here,
the State presented evidence that appellant used a machete in the commission of
the offense and that the machete was a deadly weapon.  Guerrero testified that appellant came into
her home wielding a machete, that he was “upset” and yelling, and that he
suddenly struck the bed with the machete. 
Guerrero testified that appellant then struck her on her leg and waist, or her leg and chest,
with the flat surface of the blade and that it hurt badly.  Guerrero testified that the machete was “long,
new, and very sharp.”  A photograph of an
area of Guerrero’s body, showing where she was struck by the machete, was
admitted into evidence.          

Officer Rodriguez testified that the
machete was approximately 18 inches long, had a 5-inch blade and a black
handle, and looked relatively new.[1]  Officer Rodriguez testified that Guerrero
told him how the machete was used on her and that, based on his training and
experience, he considered the machete to be a deadly weapon.  See
Tucker v. State,
274 S.W.3d 688, 692 (Tex. Crim. App. 2008) (considering police officer
testimony probative as to whether deadly weapon was used).

Appellant
contends that the machete was not a deadly weapon because he hit Guerrero with
the flat of the blade and because he did not cause her serious bodily
injury.  

A deadly
weapon is an object that, in its manner of use or intended use, is “capable of causing death or serious
bodily injury.”  Tex. Penal Code Ann. §1.07(a)(17) (emphasis added); Tucker,
274 S.W.3d at 691 (emphasizing that “the placement of the word ‘capable’ is
crucial to understanding this method of determining deadly-weapon status”).   Hence, here, the State was not required to
show, as appellant urges, that the machete actually caused serious bodily
injury to Guerrero.  See Tucker,
274 S.W.3d at 691.  Rather, the State
merely had to show that the machete was capable of causing serious bodily
injury.  See id. 

Officer
Rodriguez testified that,
based on the manner of appellant’s use, the machete was capable of causing serious bodily
injury because it could have “easily just flipped the other way and . . . made
some pretty major . . . injuries.”  The
jury was free to accept or reject this testimony and to draw reasonable
inferences.  See id.; Williams, 235 S.W.3d at 750.

Considering
all of the evidence in the light most favorable to the verdict, and applying
the factors listed above from Brown, we
conclude that a rational trier of fact could have concluded that appellant used
a deadly weapon, namely a machete, in the commission of the offense. See Tex.
Penal Code Ann. § 22.02; Williams, 235 S.W.3d at 750;  Brown, 716 S.W.2d at 946; see also Cantu v. State, No.
04-03-00817-CR, 2004 WL 2168638, at *5 (Tex. App.—San Antonio Sep. 29, 2004,
pet. ref’d) (mem. op., not designated for publication) (concluding that,
although machete was never introduced at trial, testimony regarding its size
and that appellant struck a nearby tree or table while making threats was
sufficient to support deadly weapon finding). We hold
that the evidence is legally sufficient to support appellant’s conviction.

Accordingly,
we overrule appellant’s first point of error.

2.       Factual
Sufficiency








In
his second point of error, appellant challenges the factual sufficiency of the
evidence to support the deadly weapon element of his conviction for aggravated
assault.  Appellant advances the “same
arguments advanced under Point of Error One” to contend that the machete, in
its manner of use, was not a deadly weapon. 
     

As discussed in the analysis of the first
point, the State was required to show that appellant used a
machete and that it was a deadly weapon, that is, that it was capable of causing serious bodily
injury.  See Tex. Penal Code Ann.
§1.07(a)(17); Tucker, 274 S.W.3d at 691.

Guerrero
testified that appellant came into her home wielding a machete, that he was
“upset” and yelling, and that he struck her on her leg and waist, or on her leg and chest,
with the machete.  Guerrero testified
that the machete was “long, new, and very sharp.”  A photograph of an area of Guerrero’s body,
showing where she was struck by the machete, was admitted into evidence.  

Officer Rodriguez testified that,
based on his training and experience, he considered the machete to be a deadly
weapon and that, based on the manner of appellant’s use, the
machete was capable of causing
serious bodily injury because it could have “easily just flipped the other way and
. . . made some pretty major . . . injuries.” 


We
again must give deference to the responsibility of the fact finder to fairly
weigh evidence and to draw reasonable inferences from the facts.  See Marshall, 210 S.W.3d at 625. Considering all of the evidence in a
neutral light, we cannot conclude that the evidence supporting the conviction
is too weak to support the fact finder’s verdict or that the verdict is against
the great weight and preponderance of the evidence.  Id.  

          Accordingly,
we overrule appellant’s second point of error.

Conclusion

          We
affirm the trial court’s judgment.

 

 

                                                          Laura
Carter Higley

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Higley.

Do not publish.  See Tex.
R. App. P. 47.2(b).











[1]           The machete was not
introduced at trial; however, the State was not required to introduce it. Introducing a weapon into evidence assists the jury,
but the jury may determine that the weapon was capable of causing death or
serious bodily injury even if it is not in evidence.  English
v. State, 647 S.W.2d 667, 669 (Tex. Crim. App. 1983).  Here, the jury was free to accept or reject
both Guerrero’s and Officer Rodriguez’s testimony that the machete existed and
was used.  See Davis v. State, 177
S.W.3d 355, 358-59 (Tex. App.—Houston [1st Dist.] 2005, no pet.).